UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE VALENTINE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN MATEO COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-05607-LJC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 2 |

### A.  Application to Proceed in Forma Pauperis

Plaintiff Jacqueline Valentine has filed an Application to Proceed *In Forma Pauperis*. ECF No. 3.  Sufficient cause having been shown, her application is GRANTED.

### B.  Sufficiency of Complaint

A district court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  If the Court dismisses a case pursuant to § 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee.  Such dismissal is not on the merits, but rather an exercise of the court's discretion under the statute governing cases filed in forma pauperis. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Courts conducting this review assess whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994). Among other requirements, federal courts may only hear cases that they have subject matter jurisdiction over. *See People of State of Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). There are two bases for original subject matter jurisdiction of civil cases: federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States[,]" and diversity jurisdiction, where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. §§ 1331, 1332(a). Courts have an ongoing "obligation to consider sua sponte whether" they have cases subject matter jurisdiction over cases in front of them. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A complaint must include "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

Plaintiff's complaint does not include "a short and plain statement of the grounds for the court's jurisdiction" and the Court does not ascertain any grounds for federal question jurisdiction or diversity jurisdiction over the case. Plaintiff alleges that Defendants San Mateo County, Daniel Radovich, and Sarah Burdick violated Sections 52.1 and 51 of the California Civil Code and Section 11135 of the California Government Code, and that Defendants negligently and intentionally caused Plaintiff emotional distress. ECF No. 1 at 2. As Plaintiff's claims do not arise "under the Constitution, laws, or treaties of the United States," there is no apparent basis for federal question jurisdiction. 28 U.S.C. §§ 1331. Plaintiff alleges that she resides in Nipomo, California, which the Court takes to mean that she is a citizen of California. ECF No. 1 at 1. San Mateo County is a citizen of California. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 721 (1973) (holding that California counties are "treated as…citizen[s] of California" for diversity jurisdiction purposes). Plaintiff does not allege what state Defendants Radovich and Burdick are citizens of, although her allegations regarding their roles with the San Mateo County Superior Court suggest that they are also citizens of California. Plaintiff has not alleged that the amount in controversy in this lawsuit exceeds $75,000. Because Plaintiff has not alleged that she and the defendants are citizens of different states, or that the amount in controversy exceeds $75,000, the Court does not

appear to have diversity jurisdiction over this action.

Plaintiff's application to proceed in forma pauperis is GRANTED and Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed by filing an amended complaint including a "short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a). To establish jurisdiction, the amended complaint must either 1) assert a claim against Defendants based on a violation of the U.S. constitution or federal laws, and/or 2) allege that Plaintiff is not a citizen of the same state as any Defendants and that the amount of money Plaintiff seeks from Defendants is over $75,000. The amended complaint shall be filed no later than September 3, 2025 from the date of this Order.

Failure to allege that the Court has jurisdiction over this case will result in the undersigned preparing a Report and Recommendation that the action be dismissed for lack of jurisdiction.

The Court encourages Plaintiff to access the Northern District's resources for pro se litigants, available online at: https://cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: August 13, 2025

LISA J. CISNEROS
United States Magistrate Judge