UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE VALENTINE,<br><br>    Plaintiff,<br><br>v.<br><br>SAN MATEO COUNTY,<br><br>    Defendant. | Case No. 25-cv-05607-LJC<br><br>**FURTHER ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 9 |

Plaintiff Jacqueline Valentine, proceeding pro se, sued San Mateo County, San Mateo County ADA Coordinator Daniel Radovich, and San Mateo Superior Court Judge Sarah Burdick in the Central District of California. ECF No. 1 (Compl.). The case was transferred to the Northern District of California and assigned to the undersigned magistrate judge, who granted Plaintiff's application to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. Section 1915(e)(2)(B). ECF No. 8. The Court ordered Plaintiff to show cause why her case should not be dismissed for failing to allege the basis for the Court's jurisdiction over the matter and instructed Plaintiff to file an amended Complaint. *Id.* Plaintiff has now done so. ECF No. 9 (First Am. Compl.) (FAC).

A district court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Courts conducting this review assess whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the Complaint needs to include enough facts, which, assuming they are true, would support the plaintiff's legal claims.

Plaintiff alleges that Defendants violated the Americans with Disabilities Act, violated her First and Fourteenth Amendment rights, and violated 18 U.S.C. Section 1702, which criminalizes taking mail out of a "post office or any authorized depository…before it has been delivered to person to whom it was directed." FAC at 2. As Plaintiff is now claiming that Defendants violated federal laws, she has appropriately alleged that the Court has subject matter jurisdiction over this case.[1] *See* 28 U.S.C. § 1131. However, the FAC is otherwise deficient. *See Neitzke*, 490 U.S. at 325. As courts "should freely give leave when justice so requires," Plaintiff may amend her complaint to address the issues identified below. Fed. R. Civ. P. 15(a)(2).

First, it is not clear who Plaintiff is suing. Although her initial complaint named three defendants, the amended complaint names San Mateo County as the sole defendant. *See* Compl.; FAC at 1 (identifying, under "Parties," Jacqueline Valentine as the plaintiff and San Mateo County as the sole defendant). While San Mateo County is the only named defendant in the FAC, Plaintiff repeatedly asserts that "Defendants," plural, are liable for the misconduct alleged. *Id.* at 2. To the extent that Plaintiff intended to assert her claims against the three defendants identified in the original complaint, she has not alleged what conduct each defendant is liable for, instead generally claiming that "Defendants" violated the ADA, retaliated against Plaintiff for exercising her First Amendment rights, and denied her due process. *Id.* The Court notes that, if Plaintiff intends to assert claims against Judge Sarah Burdick or other judicial officers arising out of "actions taken in [their] judicial capacity," such claims would be barred by the doctrine of judicial immunity. *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018).

---

[1] The Court's conclusion is without prejudice to any arguments Defendants may later raise regarding jurisdiction.

     Second, Plaintiff's FAC identifies the laws she claims Defendants violated, but in large part lacks factual allegations regarding Defendants' conduct. Regarding her ADA claim, she alleges that Defendants "denied Plaintiff's requests for reasonable accommodations, including electronic filing, remote participation, and alternative service methods, thereby preventing meaningful access to the courts." *Id.* (She further alleges that Defendants violated the regulations implementing the ADA.) While the denial of a request for a reasonable accommodation or modification may certainly be the basis for a disability discrimination claim under the ADA, Plaintiff has not alleged that she was disabled or any specific details regarding her requests or Defendants' denials. *See id.*; *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017) (explaining that to prove an ADA violation, a plaintiff must show that they are (1) "a qualified individual with a disability," (2) they were "either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity," and (3) "such exclusion, denial of benefits, or discrimination was" because if their disability).

     Similarly, Plaintiff's claims that Defendants violated her First and Fourteenth Amendment rights, brought pursuant to 42 U.S.C. Section 1983, are unsupported by non-conclusory factual allegations. Plaintiff asserts that Defendants violated the First Amendment by retaliating against her for "exercising her right to file complaints and petitions." FAC at 2. To state a claim pursuant to Section 1983 for First Amendment retaliation, a plaintiff must allege that they (1) "engaged in constitutionally protected activity; (2) as a result, … subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) (footnote omitted). Although filing "complaints and petitions" could be "constitutionally protected activity," Plaintiff does not explain what "complaints and petitions" she is referring to, what actions Defendants took after she made her "complaints and petitions," and why she believes Defendants took those actions to retaliate against her. *Id.*; FAC at 2.

     Plaintiff also asserts that Defendants violated her rights to due process and to equal

3

1  protection under the Fourteenth Amendment by "obstructing her filings, denying
2  accommodations, and depriving her of a fair hearing," and by "treating her differently from other
3  litigants on the basis of her disabilities." FAC at 2. Without allegations regarding Defendants'
4  specific conduct, the Court cannot assess if Plaintiff has plausibly pled her due process and equal
5  protection claims. *See Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616
6  F.3d 963, 970 (9th Cir. 2010) (requiring plaintiffs asserting procedural due process claims to
7  allege "deprivation of a constitutionally protected liberty or property interest and denial of
8  adequate procedural protection"); *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)
9  (requiring a plaintiff bringing a substantive due process claim to allege, "as a threshold matter, …
10 a government deprivation of life, liberty, or property"); *Monteiro v. Tempe Union High Sch. Dist.*,
11 158 F.3d 1022, 1026 (9th Cir. 1998) (explaining that complaints asserting "§ 1983 claims based
12 on Equal Protection violations must plead intentional unlawful discrimination or allege facts that
13 are at least susceptible of an inference of discriminatory intent"). Plaintiff's generalized
14 allegations fail to provide Defendants with "fair notice" of the claims against them and do not
15 raise her "right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

16       Third, Plaintiff claims that Defendants violated 18 U.S.C. Section 1702, which prohibits
17 interfering with or taking another person's mail. Again, Plaintiff does not include any details
18 explaining what Defendants did that violated this statute. In addition, 18 U.S.C. Section 1702 is a
19 criminal law. While the government could charge someone for violating Section 1702, private
20 plaintiffs cannot sue someone for violating this law. *Schowengerdt v. Gen. Dynamics Corp.*, 823
21 F.2d 1328, 1340 n.20 (9th Cir. 1987) (explaining that "case law supports" that there "is no private
22 right of action" under 18 U.S.C. Section 1702). Because Plaintiff "has no private cause of action
23 against" Defendants for the alleged violation of Section 1702, this claim "lacks an arguable basis"
24 in law. *Ricalls v. Hinton*, No. CV 20-3045, 2020 WL 2128648, at *4 (C.D. Cal. May 5, 2020);
25 *Neitzke*, 490 U.S. at 325.

26       Plaintiff is accordingly ORDERED TO SHOW CAUSE why this case should not be
27 dismissed by filing a Second Amended Complaint addressing the deficiencies identified above by
28 November 26, 2025.

4

1       The Second Amended Complaint must include a short and clear description of the
2  underlying facts—that is, what happened to Plaintiff that led her to file this lawsuit.  It must
3  identify which laws Plaintiff believe Defendants violated, and, for each law, explain what each
4  Defendant did that violated the law and how Plaintiff was harmed.  Plaintiff's Second Amended
5  Complaint, should she choose to file one, will replace her original Complaint and the FAC, and
6  may not incorporate allegations of the prior complaints by reference.  If Plaintiff does not file a
7  Second Amended Complaint, or if the Second Amended Complaint does not address the defects
8  described above, the undersigned Magistrate Judge may recommend that the case be dismissed.

9       The Court strongly encourages Plaintiff to access to the Northern District of California's
10 resources for pro se litigants, available online at: https://cand.uscourts.gov/pro-se-litigants/, when
11 she is preparing her Second Amended Complaint.  Guidelines for drafting a complaint, titled
12 "Writing and Filing a Civil Complaint," are available online at: https://cand.uscourts.gov/pro-se-
13 litigants/legal-help-center-templates-packets/.  The Northern District's handbook for pro se
14 litigants is available online at: https://cand.uscourts.gov/pro-se-handbook/ and hard copies are
15 available at the JDC Legal Help Center at the United States Courthouse, 450 Golden Gate Avenue,
16 15th Floor, Room 2796, San Francisco.  The Legal Help Center also offers free legal information
17 to pro se litigants.  Appointments may be scheduled by calling 415-782-8982.

Dated: November 7, 2025

LISA J. CISNEROS
United States Magistrate Judge