UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE LEE VALENTINE,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN MATEO COUNTY; CHAD PEACE; and DANIEL RADOVICH<br><br>    Defendant. | Case No. 25-cv-05607-LJC<br><br>**ORDER REGARDING SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 13 |

The undersigned previously granted Plaintiff's application to proceed *in forma pauperis* and reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e), issuing an Order to Show Cause as to why the action should not be dismissed and providing Plaintiff until November 26, 2025 to file a Second Amended Complaint curing the identified deficiencies. Following the Case Management Conference on December 4, 2025, the undersigned extended Plaintiff's deadline to file a Second Amended Complaint to December 11, 2025. ECF No. 12. Plaintiff has now filed her Second Amended Complaint (SAC), which the Court must screen pursuant to 28 U.S.C. § 1915(e). ECF No. 13 (SAC).

I.     **BACKGROUND**

In its prior Order to Show Cause, the Court identified three main deficiencies with Plaintiff's Amended Complaint. *See* ECF No. 11. First, Plaintiff did not identify who she was suing. Second, although Plaintiff identified the laws that she claimed Defendants violated, the Amended Complaint in large part lacked factual allegations describing Defendants' conduct. Third, Plaintiff claimed, among other things, that Defendants violated 18 U.S.C. § 1702 (prohibiting interfering or taking another person's mail), but that statute does not create a private

cause of action. *See* ECF No. 11 at 2-4. Plaintiff's SAC resolves the first and third of these deficiencies.[1] Plaintiff has clearly identified that she is suing the County of San Mateo, ADA Coordinator Chad Peace in his individual and official capacities, and court administrator Daniel Radovich in his individual and official capacities. ECF No. 13 at 2. She is no longer asserting a claim under 18 U.S.C. § 1702. *Id.* at 4. However, as was the case in her Amended Complaint, Plaintiff includes scant factual allegations describing Defendants' conduct.

Plaintiff brings 42 U.S.C. § 1983 claims against Defendants for the due process and equal protection provisions of the Fourteenth Amendment, and claims that Defendants violated the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act. *Id.* at 4. She further claims that Defendants violated California Government Code § 11135, which prohibits discrimination based on disability as well as numerous other protected characteristics; California Civil Code § 43, which establishes that "every person has … the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations"; California Civil Code § 44, which provides that defamation may be "effected by either" libel or slander; California Civil Code § 46, which establishes the elements of slander; and California Civil Code § 1708, which establishes that "[e]very person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights."

Plaintiff's claims stem from her alleged mistreatment as a pro se litigant in San Mateo Superior Court. ECF No. 13 at 3. She alleges that she was involved in "dissolution and custody proceedings" between 2015 and the present, and, due "to financial constraints," proceeded without counsel. *Id.* Plaintiff alleges that the court "changed its rules to prohibit online ex parte filings, effectively preventing Plaintiff from filing without counsel" and that court staff "altered Plaintiff's filings and improperly added an ADR designation that Plaintiff never requested" and repeatedly rejected Plaintiff's filings. *Id.* She asserts that, despite reporting "multiple instances of domestic abuse and child endangerment by her ex-husband," the court "failed to provide" Plaintiff

---

[1] This is without prejudice to any arguments Defendants may raise regarding the sufficiency of the operative complaint.

2

1  "meaningful protection or remedies," awarded her insufficient spousal support, and has failed to
2  provide Plaintiff with her final divorce decree. *Id.* at 2-3. Plaintiff claims that she is disabled and
3  is unable to drive due to her medical conditions, but "reasonable accommodations were denied."
4  *Id.* at 2.

## II.   EVALUATION OF CLAIMS

A district court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). An action is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For an action to state a viable claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a complaint needs to include enough facts, which, assuming they are true, would support the plaintiff's legal claims.

Applying the above standards, the Court finds that Plaintiff has failed to state a claim on which relief may be granted, as follows.

### A.   § 1983 Claims

42 U.S.C. § 1983 authorizes lawsuits against any individual who, under the color of state law, "subjects … any citizen of the United States or other person within its jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." "To state a claim under § 1983 a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Plaintiff asserts that Defendants denied her "procedural and substantive due process and

3

1  equal protection" rights guaranteed by the Fourteenth Amendment. SAC at 4. First, it is not clear
2  what liberty or property interest Defendants denied from Plaintiff without adequate procedural
3  protections, or which of Plaintiff's fundamental rights Defendants infringed upon. *See Portman v.*
4  *County of Santa Clara,* 995 F.2d 898, 904 (9th Cir. 1993) ("A section 1983 claim based upon
5  procedural due process ... has three elements: (1) a liberty or property interest protected by the
6  Constitution; (2) a deprivation of the interest by the government; (3) lack of process."); *Albright v.*
7  *Oliver,* 510 U.S. 266, 272 (1994) ("The protections of substantive due process have for the most
8  part been accorded to matters relating to marriage, family, procreation, and the right to bodily
9  integrity.").

10  Second, as the Court explained in its prior Order to Show Cause, without sufficient factual
11  "allegations regarding Defendants' specific conduct, the Court cannot assess if Plaintiff has
12  plausibly pled her due process and equal protection claims." ECF No. 11 at 3. Plaintiff alleges
13  that court staff altered Plaintiff's filings, that the court "changed its rules to prohibit online ex
14  parte filings" but permitted Plaintiff's ex-husband attorney to file electronically, and that
15  Defendant Chad Peace rejected Plaintiff's filings. SAC at 3-4. She alleges that she "has been
16  medically unable to drive due to" disabilities, "yet reasonable accommodations were denied." *Id.*
17  at 3. In the context of Plaintiff's ADA claim, she references Defendants' "[d]enial of reasonable
18  accommodations for electronic filing, remote appearances, and meaningful access to court
19  services." *Id.* at 4. The Court can make a reasonable guess at the overall shape of Plaintiff's
20  claims: she is disabled; she needed certain accommodations so that she could participate in court
21  proceedings remotely; and these accommodations were denied. But while Plaintiff's statements
22  regarding her disability and Defendants' denials may provide the overall "framework" of her
23  claims, they are insufficient to provide Defendants with "fair notice" of the claims against them
24  and the factual "grounds upon which" the claims rest. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S.
25  at 545. For instance, Plaintiff includes no specific allegations regarding when Defendants denied
26  her accommodations; does not allege when, or if, she requested the accommodations or informed
27  Defendants that they were necessary due to her disability; and does not provide any factual details
28  regarding Defendants' alleged denials. Plaintiff must explain what each Defendant did and how it

4

harmed her in enough detail so that Defendants can understand what they are being accused of.

Plaintiff also claims that the County of San Mateo implemented "policies, practices, [and] customs" that caused this deprivation of her rights.  SAC at 4.  This claim is similarly lacking in factual allegations. "To bring a § 1983 claim against a local government entity, a plaintiff must plead that a municipality's policy or custom caused a violation of the plaintiff's constitutional rights."  *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 992-93 (9th Cir. 2011); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  Plaintiff's Second Amended Complaint includes no factual allegations to support her conclusion that the County of San Mateo implemented "policies, practices, [and] customs" leading to the constitutional violations.  SAC at 4.

### B.     ADA and § 504 Claims

Plaintiff asserts that Defendants violated her rights under the ADA and § 504 of the Rehabilitation Act.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a disability discrimination claim under Title II of the ADA, a plaintiff must plead: "(1) he is a "qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability."  *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).  The public entity's or program's failure to provide a reasonable accommodation for a disability may constitute discrimination.  *See id.*  The elements of a § 504 claim are largely the same as those for a Title II ADA claim, although the plaintiff must plead that "the program providing the benefit" at issue "receives federal financial assistance."  *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 968 (9th Cir. 2021) (internal quotations omitted).  Because "there is no significant difference in the analysis of rights and obligations created by" Title II of the ADA and § 504, claims under the two acts are frequently analyzed together.  *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002).

As discussed above, the SAC does not plead facts to plausibly support Plaintiff's ADA or § 504 claims. These claims are based on Defendants' alleged denial of "reasonable accommodations for electronic filing, remote appearances, and meaningful access to court services." SAC at 4. But Plaintiff does not clearly allege that she requested these particular accommodations, only that Defendants did not provide them and that the San Mateo Superior Court "changed its rules to prohibit online ex parte filing." *Id.* at 3. Plaintiff has not "identif[ied] with specificity" what accommodations she requested, when she made such requests, if "she provided [D]efendants with sufficient notice concerning her disability such that [D]efendants were able to investigate whether the requested accommodations were reasonable," details regarding Defendants' alleged denials, or "any other facts suggesting that [D]efendants acted with deliberate indifference" to her requests. *Seales-Perkins v. Sac. Cty. Sup. Ct.*, No. 25-cv-3058, 2025 WL 3704458, at *2 (E.D. Cal. Dec. 22, 2025); *Razavi*, 2019 WL 1676018, at *5; *see Green v. Tri-Cnty. Metro. Transp. Dist. of Oregon*, 909 F. Supp. 2d 1211, 1219 (D. Or. 2012), aff'd, 583 F. App'x 832 (9th Cir. 2014) ("The Ninth Circuit has made clear that under the ADA a plaintiff is required to identify specific, reasonable accommodations that a defendant failed to provide."). Plaintiff's ADA and § 504 claims, as currently pled, are accordingly deficient. *See Iqbal*, 556 U.S. at 678.

### C. State Law Claims

Lastly, the undersigned addresses Plaintiff's state law claims. These claims are brought against all Defendants, and Plaintiff does not specify if she is bringing them against Chad Peace and Daniel Radovich in their individual capacities, official capacities, or both. This is a problem because, absent abrogation by Congress or consent from the state, federal courts may not hear "state law causes of actions against state entities." *Barrilleaux v. Mendocino Cnty.*, 61 F. Supp. 3d 906, 914 (N.D. Cal. 2014); *Stanley v. Trs. of California State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006). To the extent Plaintiff asserts her state law claims against Defendants Peace and Radovic in their *official* capacities, and to the extent she brings the claim against the County of San Mateo, such claims would be barred.

Plaintiff's state law claims against Defendants Peace and Radovich in their *personal*

1    capacities would not necessarily be barred by state sovereign immunity.  *See Ashker v. California*
2    *Dep't. of Corrections,* 112 F.3d 392, 394–95 (9th Cir. 1997).  However, as with Plaintiff's other
3    causes of action, she fails to include enough factual allegations to plausibly support her state law
4    claims.  California Civil Code §§ 44 and 46 pertain to defamation and California Civil Code § 43
5    establishes that "every person" is entitled to "protection from bodily restraint or harm, from
6    personal insult, from defamation, and from injury to his personal relations."  *See Senator v.*
7    *Macomber*, No. 24-cv-00439, 2024 WL 4029570, at *7 (E.D. Cal. Sept. 3, 2024) ("Section 43 thus
8    codifies causes of action for assault, battery, and invasion of privacy.") (internal quotations
9    omitted).  The Second Amended Complaint includes no factual allegations indicating that Plaintiff
10   was defamed, restrained, insulted, or that her personal relationships were harmed.  For the reasons
11   explained in the context of Plaintiff's ADA and § 504 claims, there are insufficient factual
12   allegations to plausibly support that Defendants violated California Government Code § 11135,
13   which prohibits discrimination based on disability.

14         Lastly, Plaintiff claims that Defendants violated California Civil Code § 1708, which
15   establishes that "[e]very person is bound, without contract, to abstain from injuring the person or
16   property of another, or infringing upon any of his or her rights."  Section 1708 codifies a "general
17   principle" of tort law; but, as far as the undersigned is aware, does not create a private right of
18   action.  *Katzberg v. Regents of Univ. of California*, 29 Cal. 4th 300, 328 (2002) (internal
19   quotations omitted); *see Ley v. State of California*, 114 Cal. App. 4th 1297, 1306 (2004); *Aldini*
20   *AG v. Silvaco, Inc.*, No. 21-cv-06423, 2023 WL 3749792, at *4 (N.D. Cal. Mar. 27,
21   2023), *aff'd,* No. 23-15630, 2024 WL 5165600 (9th Cir. Dec. 19, 2024) ("Section 1708 does not
22   provide a cause of action.").  Plaintiff accordingly has failed to state a viable claim under § 1708.

23   **III.   CONCLUSION**

24         For the foregoing reasons, the undersigned determines that Plaintiff's SAC "fails to state a
25   claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is
26   immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  Plaintiff may file a Third Amended
27   Complaint addressing the deficiencies in the SAC by January 23, 2026.  The Third Amended
28   Complaint will entirely replace the SAC, and so must include all claims and factual allegations

Plaintiff wants to be included in this case. The Third Amended Complaint must:

> [C]ontain a short and plain statement of each claim for relief [Plaintiff] wishes to assert, identify the provisions of law and the set of facts that support each claim, and link specific defendants by name to each claim. [Plaintiff] must also describe each such defendant's involvement in the claim and the specific factual basis of liability. [She] must also specify what relief [she] is seeking from the court.

*Moreno v. Brettkelly*, No. 20-cv-02082, 2020 WL 1812187, at *1 (N.D. Cal. Apr. 8, 2020).

The undersigned again strongly encourages Plaintiff to use the Northern District of California's resources for pro se litigants, available online at: https://cand.uscourts.gov/pro-se-litigants/. Guidelines for drafting a complaint, titled "Writing and Filing a Civil Complaint," are available online at: https://cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/. The Northern District's handbook for pro se litigants is available online at: https://cand.uscourts.gov/pro-se-handbook/ and hard copies are available at the JDC Legal Help Center at the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco. The Legal Help Center also offers free legal information to pro se litigants. Appointments may be scheduled by calling 415-782-8982.

The undersigned may recommend that this case be dismissed if Plaintiff does not file her Third Amended Complaint by February 6, 2026, or if the Third Amended Complaint does not address the deficiencies identified in this Order.

**IT IS SO ORDERED.**

Dated: January 13, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge