UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

JACQUELINE LEE VALENTINE,
Plaintiff,
v.
SAN MATEO COUNTY, et al.,
Defendants.

Case No. 25-cv-05607-TLT

**ORDER GRANTING MOTION TO DISMISS WITH RESPECT TO DEFENDANT SAN MATEO COUNTY ONLY**

Re: Dkt. No. 28

Before the Court is Defendant San Mateo County's ("Defendant") Motion to Dismiss pro se Plaintiff Jacqueline Valentine's ("Plaintiff") Third Amended Complaint ("TAC"). ECF 28.

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **GRANTS** Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff's operative complaint brings causes of action arising from the conduct of court personnel involved in Plaintiff's family law proceedings in San Mateo Superior Court. TAC ¶¶ 9–17. Specifically, Plaintiff alleges that she is a qualified individual with disabilities under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. *Id.* ¶ 5. During family law proceedings in San Mateo Superior Court between 2016 and 2025, Plaintiff alleges she was denied reasonable accommodations to allow her to participate in the proceedings, that court personnel altered her filings, and generally ignored her circumstances. *Id.* ¶¶ 9–13. Plaintiff claims that this conduct gives rise to five causes of action: (1) violation of 42 U.S.C. § 1983 (Count I), (2) *Monell* liability (Count II), (3) violations of ADA Title II & §504 (Count III and Count IV), and (4) violation of Gov't Code §11135 and Civil Code §§43 (Count V).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a motion to dismiss, a Plaintiffs' "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court should not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008)

Where a complaint does not include sufficient allegations against a defendant, the proper remedy is to either give leave to amend or dismiss the defendant from the proceeding without leave to amend where the Court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)

## III. DISCUSSION

Plaintiff's factual allegations do not raise a plausible chance of success against the County Defendant because she alleges unlawful conduct by individuals employed by the Superior Court, a *state*, not county, entity. "[S]tate case law and constitutional provisions make clear that the [superior court] is a State agency." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F. 2d 1103, 1110 (9th Cir. 1987); *see also Munoz v. Superior Court*, 91 F.4th 977, 980 (9th Cir. 2024) ("a suit against the Superior Court is a suit against the State"). The California Constitution set the foundation for the state's design and reinforces this point. *See* Cal. Const. Art. 6, § 1 (the State of California's judicial power is vested in the courts, including the superior court), § 4 (establishing the state's superior courts located in each county). Thus, liability for conduct carried out by personnel at the Superior Court cannot be incurred by the County of San Mateo. Dismissal is appropriate because Plaintiff has brought this action against the wrong defendant. *See Glass v. Remondi*, No. 17-cv-00003, 2017 WL 698310, at *2 (E.D. Cal. Feb. 21, 2017) ("Since plaintiff has alleged no facts supporting a cause of action against Mr. Remondi and appears to have named the wrong defendant, the motion to dismiss Mr. Remondi is granted.").

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** with respect to Defendant San Mateo County with prejudice.

This Order resolves ECF 28.

The Clerk shall terminate the San Mateo County Defendant only.

IT IS SO ORDERED.

Dated: August 10, 2026

TRINA L. THOMPSON
United States District Judge